FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 26, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BELINDA P.[1], <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 1:22-CV-03009-SAB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 11, 12. The motions were heard without oral argument. Plaintiff is represented by D. James Tree; Defendant is represented by Erin F. Highland and Brian M. Donovan.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

for Summary Judgment, ECF No. 11, and denies Defendant's Motion for Summary Judgment, ECF No. 12.

## I.     Jurisdiction

In January 2017, Plaintiff filed an application for supplemental security income, with onset of January 19, 2016. Plaintiff's application was denied initially and on reconsideration.[2] On November 19, 2020, Plaintiff appeared and testified by telephone before ALJ C. Howard Prinsloo, with the assistance of her counsel, D. James Tree. Vern Arne, vocational expert, also participated. The ALJ issued a decision on January 13, 2021, finding Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on December 2, 2021. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on January 28, 2021. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age,

---

[2] A hearing was held in 2018 before an ALJ, who issued an unfavorable decision. The Appeals Council reversed the denial.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

*Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Defendant was 52 years old. She has a high school diploma and vocational training for a hair stylist. She has previous work as a bartender and also as a hair stylist. She was unable to continue doing hair because of she has carpal tunnel syndrome and trigger finger. Plaintiff testified that she has migraines two to three times a month and they can last three days. She also testified that she has body aches and nerve damages from her fibromyalgia. The pain is located in her neck, shoulders, hips and elbows. These cause a constant ache, but still, she has good days and really bad days. They can also cause dizziness. She lives with her teenage daughter, who helps around the house. Her daughter does laundry, grocery shopping, and driving.

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 5

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 15-26. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 19, 2017, the application date. AR 17.

At step two, the ALJ identified the following severe impairments: degenerative disc disease, degenerative joint disease, fibromyalgia, and migraine headaches. AR 17.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 19. The ALJ considered Listing 1.04; 1.02A; 14.09D; 11.02B and 11.02D. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> to perform light work as defined in 20 CFR 416.967(b) with some additional limitations. The claimant can occasionally climb ladders, ropes, or scaffolds. She must avoid concentrated exposure to hazards (including dangerous machinery and unprotected heights).

AR 20.

At step four, the ALJ found that Plaintiff was capable of past relevant work as a bartender. AR 24.

In the alternative, at step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, such as collator operator; labeler; and office helper. AR 25.

## VI. Discussion

### 1. Step 3 - Listing for Migraines

Plaintiff asserts the ALJ erred in finding that she did not meet the Listings. The ALJ concluded that Plaintiff's migraine symptoms do not medically equal Listing 11.02 because the frequency and functional effects were not met.

The listing of impairments in Appendix I "describes, for each of the major body systems, impairments which are considered severe enough to prevent a

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

person from doing any gainful activity." 20 C.R.F. § 404.1525(a).

There is not a listing for migraines. SSR 19-4p provides that Epilepsy (listing 11.02) is the most closely analogous listed impairment for a medically-determinable impairment ("MDI") of a primary headache disorder. It noted that while uncommon a person with a primary headache disorder may exhibit equivalent signs and limitations to those detailed in listing 11.02 (paragraph B or D for dyscognitive seizures) and therefore the MDI may medically equal a listing.

> SSR 19-4P notes:
> Paragraph B of listing 11.02 requires dyscognitive seizures occurring at least once a week for at least 3 consecutive months despite adherence to prescribed treatment. To evaluate whether a primary headache disorder is equal in severity and duration to the criteria in 11.02B, we consider: A detailed description from an AMS of a typical headache event, including all associated phenomena (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of headache events; adherence to prescribed treatment; side effects of treatment (for example, many medications used for treating a primary headache disorder can produce drowsiness, confusion, or inattention); and limitations in functioning that may be associated with the primary headache disorder or effects of its treatment, such as interference with activity during the day (for example, the need for a darkened and quiet room, having to lie down without moving, a sleep disturbance that affects daytime activities, or other related needs and limitations).
>
> Paragraph D of listing 11.02 requires dyscognitive seizures occurring at least once every 2 weeks for at least 3 consecutive months despite adherence to prescribed treatment and marked limitation in one area of functioning. To evaluate whether a primary headache disorder is equal in severity and duration to the criteria in 11.02D, we consider the same factors we consider for 11.02B and we also consider whether the overall effects of the primary headache disorder on functioning results in marked limitation in: physical functioning; understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; or adapting or managing oneself.

An ALJ must adequately explain a conclusion that an impairment does not meet or equal a Listing. In "determining whether a combination of impairments

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

establishes equivalence" under step three of the Listings, a mere statement that a claimant did not equal the listing not sufficient. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (holding boilerplate finding is insufficient to conclude impairment does not meet a Listing).

In 2018, Plaintiff testified that she was having 3-4 migraines per month since around 2017. She described them as 9/10 pressure pain behind bilateral eyes that would radiate to the back of her head. In 2020, she was still having 2-3 migraines per month that lasted 3 days each on average. In 2019, she was seen in the ER twice with a migraine that had been ongoing for about 6 days. Plaintiff has numerous symptoms from migraines including light- and sound-sensitivity, difficulty focusing, nausea, vomiting, and dizziness. Plaintiff has tried many drugs, as well as physical therapy, to deal with her migraines and fibromyalgia. During her migraines, she needs a dark room and an ice pack and has difficulty going out.

The ALJ erred in not finding that Plaintiff's migraines met Listing 11.02B. The ALJ failed to provide any reasons for discounting the evidence in the record that Plaintiff was having 2-3 migraines per month that lasted 3 days each on average, even with medication, and thus substantial evidence does not support the ALJ's determination that Plaintiff did not meet the frequency requirements. On the contrary, based on her testimony and the evidence in the record, Plaintiff meets the frequency requirement of Paragraph B. The ALJ also erred in failing to provide any reasons for discounting the evidence in the record that when she has a migraine, Plaintiff needs a dark room, ice pack, and that she would experience nausea, vomiting and dizziness. Consequently, the ALJ failed to properly assess whether Plaintiff meets the frequency and functional effects despite prescribed treatment.

Here, the record contains a detailed description from an Acceptable Medical Source of a typical headache event, as well as testimony regarding the frequency of headache events, Plaintiff's adherence to prescribed treatment, and her limitations

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

in functioning caused by the migraines. Because the record demonstrates that Plaintiff meets the listing 11.02B for her migraine headaches, the ALJ erred in finding that she did not.

Moreover, even if Plaintiff did not meet the listing, the ALJ erred in failing to incorporate the limitations posed by her migraines into the RFC, such as restrictions from noise, need for days off from work, or off-task time for migraines. Had Plaintiff's migraine-related limitations been accounted for in the RFC, Plaintiff would be found disabled.

### VII. Remand for Immediate Award of Benefits

The ALJ erred in failing to find that Plaintiff met Listing 11.02B. As such, a remand for an immediate calculation and award of benefits is appropriate.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for an immediate calculation and award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 26th day of September 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10